UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GLENLYN A. ZIMMER,

        Plaintiff,

  v.

TIM NAWABI, an individual; MATT DURANI, an individual; PRIME FUNDING SOLUTION, an unknown entity; FARIDOON LODIN, an individual; GOLDEN STATE FINANCING CORPORATION, a California corporation; SANDRA BONNER, an individual; FIRST NLC FINANCIAL SERVICES, LLC, a California limited liability company; and WILSHIRE CREDIT CORPORATION, a Nevada corporation,

        Defendants.

NO. CIV. 07-16 WBS KJM

<u>MEMORANDUM AND ORDER RE:
MOTION FOR SUMMARY
ADJUDICATION</u>

----oo0oo----

        Plaintiff Glenlyn A. Zimmer initiated this action in state court after refinancing her home through defendant Golden State Financing Corporation ("Golden State"). Defendants removed the action to federal court and plaintiff now moves for summary

1

adjudication with respect to three of her claims against defendants Golden State, its employee Tim Nawabi, and broker Faridoon Lodin ("defendants").

I.  Factual & Procedural Background

Plaintiff, who is over eighty years old, owned a home in Stockton, California. (Pl.'s Stmt. of Undisputed Facts ## 1-2.) In November 2005, a Golden State employee contacted plaintiff and discussed the possibility of plaintiff refinancing her home. (Id. at ## 7-11.) She pursued the option and, on January 18, 2006, plaintiff applied for a loan. (Id. at ## 11-12.) In a personal meeting twelve days later, Nawabi allegedly informed plaintiff of the details of the loan, including plaintiff's new monthly payments, the amount of cash she would receive at the close of escrow, and the total personal debt that would be paid from the loan proceeds. (Id. at ## 13-15.) At the close of the meeting, plaintiff signed all of the loan documents. (Id. at # 16.)

Later that day, plaintiff discovered that not only were the terms and benefits of the loan different than those Nawabi allegedly described, but what she believed would be one loan was actually two. (Id. at ## 17-18.) The following day, plaintiff contacted Nawabi to rescind the loans; however, Nawabi's alleged representations persuaded her not to rescind. (Id. at ## 19-21.) Lodin brokered both loans, which closed on February 24, 2006.

Contrary to Nawabi and other Golden State employees' alleged representations to plaintiff, plaintiff's refinance resulted in a substantially higher monthly payment. (Id. at ## 10, 18.) She also allegedly received less cash at the close of

2

escrow than promised and was charged undisclosed broker and financing fees. (Id. at ## 25-31.)

After plaintiff hired counsel, Nawabi allegedly contacted plaintiff and offered her a third loan to reduce her monthly payments. (Id. at ## 32-35.) When plaintiff met with Nawabi about the potential loan, Nawabi, another Golden State employee, and Lodin offered plaintiff $3,500.00 as a "courtesy check." (Id. at ## 36, 40.) When plaintiff signed what she believed was a receipt for the check, defendants allegedly attached her signature to a release of liability. (Id. at ## 41-43.) Golden State never provided a new loan for plaintiff, and she ultimately moved out of her home in June 2007 due to an impending foreclosure. (Id. at ## 46, 50-51.)

On November 7, 2006, plaintiff filed a complaint in state court alleging state law claims and a violation of 12 U.S.C. § 2607. Defendants subsequently removed the action to this court. After it filed a Chapter 11 bankruptcy, all claims against First NLC Financial Services, LLC were automatically stayed on January 22, 2008 pursuant to 11 U.S.C. § 362(a).[1]

---

[1] "In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants." Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987); see also Cohen v. Stratosphere Corp., 115 F.3d 695, 697 (9th Cir. 1997) ("The automatic stay does not preclude us from deciding this appeal with regard to all parties other than [the bankrupt party], and we now proceed to do so.").
   On February 1, 2008, this court requested that the non-bankrupt parties submit briefs regarding the effect § 362 has on future proceedings in this action. In the only brief submitted, plaintiff argued that § 362 does not prevent plaintiff from proceeding against the non-bankrupt defendants. None of the defendants submitted briefs or argued that special circumstances warranted staying the action as to the non-bankrupt defendants.

3

1     Plaintiff now moves for summary adjudication against
2 Golden State, Nawabi, and Lodin with respect to her state law
3 claims for breach of fiduciary duty, breach of oral contract, and
4 financial elder abuse.  Via a counter-motion and pursuant to
5 Federal Rule of Civil Procedure 56(f), defendants request the
6 court to continue plaintiff's motion for summary adjudication for
7 sixty days to permit defendants to obtain an affidavit from
8 Nawabi.  Plaintiff opposes defendants' Rule 56(f) counter-motion.
9 II.  Discussion
10     The standard that applies to a motion for summary
11 adjudication is the same as that which applies to a motion for
12 summary judgment.  See Fed. R. Civ. P. 56(a), (c); Mora v.
13 Chem-Tronics, Inc., 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).
14 Summary adjudication is proper "if the pleadings, the discovery
15 and disclosure materials on file, and any affidavits show that
16 there is no genuine issue as to any material fact and that the
17 movant is entitled to judgment as a matter of law."  Fed. R. Civ.
18 P. 56(c).

19     The party moving for summary adjudication bears the
20 initial burden of establishing the absence of a genuine issue of
21 material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23
22 (1986).  Once the moving party meets its initial burden, the
23 non-moving party must "go beyond the pleadings and by her own
24 affidavits, or by 'the depositions, answers to interrogatories,
25 and admissions on file,' designate 'specific facts showing that

---

27 Section 362, therefore, automatically stays plaintiff's third,
   eighth, and ninth causes of action against only First NLC
28 Financial Services, LLC.

4

there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)).

Federal Rule of Civil Procedure 56(f) provides that, "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  Fed. R. Civ. P. 56(f).

For a court to grant a Rule 56(f) motion, the party requesting it "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."  California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  A court must liberally construe a Rule 56(f) motion and "should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment."  Id.; Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).

In moving for summary adjudication against only defendants Golden State, Nawabi, and Lodin, plaintiff relies almost exclusively on oral representations that Nawabi allegedly made to plaintiff.  (Pl.'s Stmt. of Undisputed Facts ## 13-17, 19-21, 27, 34-36, 39-45, 47.)  If Nawabi denies making the alleged representations to plaintiff, this court would likely be precluded from granting summary adjudication because granting

plaintiff's motion would require the court to find that Zimmer's recollection of the facts is more credible than Nawabi's. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (in deciding a motion for summary adjudication, a court cannot engage in credibility determinations or weigh the evidence).

Defendants contend Nawabi will dispute some or all of plaintiff's Statement of Undisputed Facts, thereby creating a material issue of disputed fact to withstand plaintiff's motion for summary adjudication. (Cammack Decl. 3:19-24, 4:16-22.) Defendants cannot, however, obtain Nawabi's affidavit in time to oppose plaintiff's motion because he is currently in Afghanistan and is not expected to return until late February or early March. (Id. at 4:12-14; Zabi Nawabi Decl. ¶ 3-4.) The instability in that country has also limited defense counsel's contact with Nawabi and has apparently prevented counsel from obtaining an affidavit electronically. (Cammack Decl. 2:8-11.) While defendants can obtain an affidavit from Lodin in time to oppose plaintiff's motion, it would be insufficient because Lodin lacks personal knowledge as to Nawabi's alleged statements to plaintiff. (Id. at 3:26-28; Lodin Decl. ¶¶ 4, 6.)

Plaintiff opposes defendants' Rule 56(f) counter-motion, arguing that 1) defendants filed their counter-motion three days late and two months after plaintiff moved for summary adjudication; 2) Nawabi has been "uncooperative throughout the course of the litigation," including failing to file an answer until plaintiff sought a default judgment and forcing plaintiff to compel discovery; and 3) Nawabi's return from Afghanistan is uncertain and, given the pending lawsuit, unlikely. (Pl.'s Mem.

1 in Opp'n to Defs.' Counter-Mot. 2-5.)  The court is mindful of
2 plaintiff's concerns and, while Nawabi's conduct does not
3 preclude a finding of good faith at this time, continued conduct
4 of the same nature would likely prevent this court from granting
5 a second Rule 56(f) request.

6 　　　　　Accordingly, because Nawabi's affidavit is essential
7 for defendants to oppose plaintiff's motion for summary
8 adjudication and the affidavit cannot be obtained in time for the
9 current hearing date, the court will grant defendants' Rule 56(f)
10 counter-motion to continue the hearing on plaintiff's motion for
11 summary adjudication.

12 　　　　　IT IS THEREFORE ORDERED that the hearing on plaintiff's
13 motion for summary adjudication be, and the same hereby is,
14 CONTINUED to April 28, 2008 at 2:00 p.m.  Defendants' opposition
15 to the motion and plaintiff's reply shall be filed in accordance
16 with the time requirements of Local Rule 78-230(c) and (d).
17 DATED:  February 13, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE