UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GLENLYN A. ZIMMER,

        Plaintiff,

  v.

TIM NAWABI, an individual; MATT DURANI, an individual; PRIME FUNDING SOLUTION, an unknown entity; FARIDOON LODIN, an individual; GOLDEN STATE FINANCING CORPORATION, a California corporation; SANDRA BONNER, an individual; FIRST NLC FINANCIAL SERVICES, LLC, a California limited liability company; and WILSHIRE CREDIT CORPORATION, a Nevada corporation,

        Defendants.

NO. CIV. 07-00016 WBS KJM

MEMORANDUM AND ORDER RE: DETERMINATION OF GOOD FAITH OF SETTLEMENT

----oo0oo----

Defendant Sandra Bonner moves for a determination that her proposed settlement with plaintiff for the sum of $10,000 was made in good faith.  Regardless of whether state or federal law applies, the effect of a determination that a settlement was made

1

1 in good faith is to preclude the remaining defendants from
2 seeking contribution from her if plaintiff prevails.  See Cal.
3 Civ. Proc. Code § 866.7(c); Franklin v. Kaypro Corp., 884 F.2d
4 1222, 1225, 1231 (9th Cir. 1989).  Thus, if this court were to
5 determine that Bonner and plaintiff settled plaintiff's 12 U.S.C.
6 § 2607 and civil conspiracy claims in good faith, all of the
7 other defendants would be precluded from seeking contribution
8 from Bonner.

9     Here, however, on January 22, 2008, all claims against
10 one of the defendants, First NLC Financial Services, LLC ("First
11 NLC"), which financed plaintiff's loan, were automatically stayed
12 pursuant to 11 U.S.C. § 362(a) because it filed a Chapter 11
13 bankruptcy proceeding.  The automatic stay precludes this court
14 from taking any action that may detrimentally affect First NLC's
15 rights.  Dean v. Trans World Airlines, Inc., 72 F.3d 754, 756
16 (9th Cir. 1995).

17     Therefore, unless Bonner obtains leave from the
18 bankruptcy court, the automatic stay prohibits this court from
19 issuing an order that would limit First NLC's right to seek
20 contribution.  See 11 U.S.C. § 362(a), (d)-(e) (providing for
21 automatic stays and relief from such stays); Dean, 72 F.3d at 756
22 (a district court cannot issue an order after an automatic stay
23 if there is a "conceivable way for the court's consideration of
24 the motion to harm the bankrupt" party).

25     Accordingly, although the materials presented in
26 support of the motion do suggest that the settlement is fair and
27 was negotiated in good faith, the automatic stay prohibits the
28 court from adjudicating Bonner's motion.

IT IS THEREFORE ORDERED that Bonner's motion for a determination of good faith of her settlement with plaintiff be, and the same hereby is, DENIED, without prejudice to its being renewed if and when either the bankruptcy action is terminated or relief is obtained from the automatic stay.

DATED:  March 3, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE